United States District Court
Southern District of Texas
**ENTERED**
November 03, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ORESTES DE LA CRUZ CASTRO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-03140 |
| | § | |
| MARKWAYNE MULLIN, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER OF DISMISSAL**

The petitioner, Orestes De La Cruz Castro, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials. Through counsel, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his ongoing detention. Doc. No. 1.

The petition and summary judgment evidence reflect that Petitioner has not been admitted to the United States and, therefore, is an applicant for admission under 8 U.S.C. § 1225(b) subject to mandatory detention. *See* Doc. No. 1 at 4. The Fifth Circuit's holdings in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. Feb. 6, 2026), and *Sosnava Rodriguez v. Vergara*, --- F.4th ----, No. 26-50183, 2026 WL 3181188, at *9 (5th Cir. Oct. 23, 2026) (*en banc*), foreclose the petitioner's claims for habeas relief on statutory or due process grounds.

Likewise, his Fifth Amendment equal protection claim is unavailing because he fails to identify a similarly situated class that is treated more favorably than noncitizens who

entered the country without inspection, and he does not state facts to show that he falls outside of the statutory definition of an applicant for admission under 8 U.S.C. § 1225(b) as interpreted by the Fifth Circuit in *Buenrostro-Mendez*. *See Reno v. Flores*, 507 U.S. 292, 306 (1993) (rejecting equal protection claims regarding continued detention brought by alien juveniles who did not have close relatives to serve as guardians because they were distinct from alien juveniles with close relatives available to serve as guardians and different from American juveniles in delinquency proceedings who were citizens).

Additionally, his claims under the Administrative Procedure Act ("APA") fail because an "adequate remedy in a court" is available via habeas corpus. 5 U.S.C. § 704; *accord Jimenez v. Noem*, Civ. A. No. H-25-5853, at Doc. No. 10 at 5 (S.D. Tex. Feb. 10, 2026) (holding that the petitioner was not entitled to relief under the APA where he was able to challenge his detention through habeas corpus); *see also Trump v. J.G.G.*, 604 U.S. 670, 674 (2025) (Kavanaugh, J., concurring) (agreeing with the majority "that habeas corpus, not the APA, is the proper vehicle" where habeas corpus is an available remedy). Similarly, his Suspension Clause claim is unavailing because habeas corpus is available to challenge immigration detention. *See Tapia v. Mullin*, 834 F. Supp.3d 718, 727 (W.D. Tex. 2026) (reasoning that the "writ is not suspended" because "Petitioner and other detained aliens under section 1225(b)(2)(A) have been challenging, and continue to challenge, the lawfulness of their detention through petitions for writs of habeas corpus filed in district courts across the country").

To the extent that petitioner contends that his arrest and detention is unconstitutional based on the Fourth Amendment, those claims cannot succeed in this habeas proceeding because § 1225(b) provides Respondents' lawful authority to detain him. *See Kanda v. Cole*, No. 5:26-CV-158, 2026 WL 1014400, at *3–4 (S.D. Tex. Apr. 10, 2026) (rejecting petitioner's Fourth Amendment claims regarding arrest and detention) (citing *Ordonez v. Frink*, No. 4:25-CV-06386, 2026 WL 143153, at *1 (S.D. Tex. Jan. 20, 2026)).

Finally, the petitioner's claims regarding the procedures used for his arrest under the *Accardi* doctrine[1] fail. The regulation he invokes, 8 C.F.R. § 287.8, does not provide a cause of action in federal court because § 287.12, outlining the scope of part 287, provides, in relevant part: "These regulations do not, are not intended to, shall not be construed to, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter, civil or criminal." 8 C.F.R. § 287.12. Therefore, his claims under the *Accardi* doctrine are unavailing.

Based on the foregoing, the Court **ORDERS** as follows:

1. Respondent's motion for summary judgment (Doc. No. 5) is **GRANTED**.
2. The petition for a writ of habeas corpus (Doc. No. 1) is **DENIED.**

---

[1] *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954) (asserting the principle that agencies are bound to abide by their own regulations or internal procedures).

3. All other pending motions, if any, are **DENIED as MOOT**.

4. This case is **DISMISSED**.

The Clerk shall send a copy of this Order to the parties.

SIGNED this 3rd day of November 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE